# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DeMARIAN A. CLEMONS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, et al.*,*

    *Respondent*.

2:15-cv-01713-RCJ-CWH

ORDER

    This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed *in forma pauperis* and a financial certificate (ECF Nos. 1 and 3) which show that he is unable to pay the filing fee of $5.00 required to initiate this action. Accordingly, petitioner's motion for leave to proceed *in forma pauperis* shall be granted, and the clerk shall be ordered to file the petition.

    In reviewing the petition under Rule 4 of the Rules Governing Section 2254 Cases, the court notes that it appears that all habeas claims in the petition are unexhausted. Petitioner therefore must show cause in writing why the petition should not be dismissed without prejudice.

    A state criminal defendant seeking to restrain the pending state proceedings via a federal writ of habeas corpus first must exhaust his state court remedies before presenting his constitutional claims to the federal courts. To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court.

*E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In the present case, petitioner indicates that, for each claim, he sought relief in the state district court, but that he did not appeal the result of that proceeding to the Nevada Supreme Court. ECF No. 1-1, pp. 5, 8, and 11. If that is the case, the petition is entirely unexhausted as to any cognizable federal habeas claims. Petitioner must show cause why the petition should not be dismissed without prejudice for complete lack of exhaustion.

**IT THEREFORE IS ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 1 and 3) is GRANTED. The clerk shall **file** the habeas petitions submitted with the motion.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed without prejudice for lack of exhaustion. If petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his response copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that the claims are exhausted. All factual assertions must be specific and supported by competent evidence.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice.[1]

---

[1] The court has not completed initial review herein as to other potential issues, and this order does not explicitly or implicitly hold that the petition otherwise is free of deficiencies.

**No extension of time will be granted to respond to this order except in the most compelling of circumstances. Nothing in either this court's orders to date or the mere pendency of this action in any manner restrains the state courts from proceeding in a pending prosecution.**

DATED: This 9th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE