# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DeMARIAN A. CLEMONS,

    *Petitioner*,

vs.

BRIAN WILLIAMS, et al.*,*

    *Respondent*.

2:15-cv-01713-RCJ-CWH

ORDER

    This is a habeas corpus proceeding under 28 U.S.C. § 2254. On November 9, 2015, this court entered an order directing petitioner to show cause why this matter should not be dismissed for lack of exhaustion. ECF No. 4. On January 20, 2016, petitioner filed his response to the court's order. ECF No. 6.

    Petitioner concedes that he did not present his claims to the Nevada Supreme Court, but asks the court to consider his presentation to the state district court to suffice for exhaustion purposes.[1] In addition, he identifies various impediments that prevented him from exhausting remedies in the state's

---

[1] According to an order of dismissal submitted by petitioner, the state district court denied his habeas petition in August 2014. ECF No. 6, p. 7. Thus, petitioner has missed his opportunity to appeal that decision. *See Alvis v. State, Gaming Control Bd.*, 660 P.2d 980 (Nev. 1983) (Nevada Supreme Court lacks jurisdiction to entertain an appeal where the notice of appeal was filed beyond the time provided in Nev. Rules of App. P. 4(a)).

highest court, such as a lack of the legal knowledge and resources necessary to pursue such relief.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Thus, this court is not in a position to excuse petitioner from the exhaustion requirement.

Under *Rhines v. Weber*, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts.  *Id*. at 276; *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*).  However, the reasons petitioner gives for failing to exhaust are exceedingly common among habeas petitioners and, as such, do not amount to "good cause" for the purposes of a *Rhines* stay.  *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (explaining that accepting mere "lack of knowledge" as good cause runs contrary to *Rhines*'s admonition to grant stays only under "limited circumstances").  Accordingly, the petition shall be dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED** the petition for writ of habeas corpus is DISMISSED without prejudice.  The Clerk shall **enter** judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is DENIED.

**IT IS FURTHER ORDERED** that the court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk shall **serve** a copy of the petition and this order on the respondents via the Nevada Attorney General.

DATED: This 7th day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE